LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
Robert L. Kraselnik (RK 0684)
40 Wall Street, 28th Floor
New York, NY 10005
Tel.: 212-400-7160
Fax: 212-400-7162
*Attorneys for Plaintiff*

JUDGE BATTS

**08 CIV 5003**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARCO ORTIZ, MARCO NANEZ and
MANUEL ESCOBAR and on behalf of
themselves and others similarly situated,

   Plaintiffs,

   v.

TIME MOVING & STORAGE INC.,

   Defendant.

---

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

   Plaintiffs, MARCO ORTIZ, MARCO NANEZ and MANUEL ESCOBAR (hereinafter, collectively, "Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through their undersigned attorney, hereby file this Complaint against Defendant, TIME MOVING & STORAGE INC., (hereinafter, "TIME MOVING" or "Defendant"), and state as follows:

### INTRODUCTION

   1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendant: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

1

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from Defendant: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

### PARTIES

5. Plaintiff, MARCO ORTIZ, is a resident of Kings County, New York.

6. Plaintiff, MARCO NANEZ, is a resident of Queens County, New York.

7. Plaintiff, MANUEL ESCOBAR, is a resident of Bronx County, New York.

8. Defendant, TIME MOVING, is a domestic business corporation organized under the laws of New York with a principal executive office at 628 W. 45th Street, New York, NY 10036.

9. Plaintiff, MARCO ORTIZ, was employed by Defendant from on or about June 1, 2000 to on or about April 19, 2007, and again from about November 2007 to the present.

10. Plaintiff, MARCO NANEZ, was employed by Defendant from about November 1995 to about February 2006.

11. Plaintiff, MANUEL ESCOBAR, was employed by Defendant from about December 2000 to about December 2005, and again from January 2008 to the present.

12. At all relevant times, TIME MOVING was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendant TIME MOVING.

14. At all relevant times, TIME MOVING knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

15. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

### STATEMENT OF FACTS

16. On or about June of 2000, Plaintiff, MARCO ORTIZ, was hired by Defendant, TIME MOVING, as an electrical assistant to install and repair lighting for Defendant, who operates a commercial moving and storage business in New York and New Jersey.

17. During MARCO ORTIZ'S employment by Defendant, he worked over forty (40) hours per week.

18. In or about November of 1995, Plaintiff, MARCO NANEZ, was hired by Defendant, TIME MOVING, to work as a local driver for Defendant's commercial moving and storage business.

19. During MARCO NANEZ'S employment by Defendant, he worked over forty (40) hours per week.

20. In or about December of 2000, Plaintiff, MANUEL ESCOBAR, was hired by Defendant, TIME MOVING, to work as a driver's assistant for Defendant's commercial moving and storage business.

21. During MARTINEZ'S employment by Defendant, he worked over forty (40) hours per week.

22. TIME MOVING knowingly and willfully operated its business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiffs and other similarly situated employees.

23. Plaintiffs retained the Law Offices of Robert L. Kraselnik, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

24. Plaintiffs reallege and reaver Paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. At all relevant times, upon information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

26. At all relevant times, Defendant employed Plaintiffs within the meaning of the FLSA.

27. Upon information and belief, at all relevant times, TIME MOVING has had gross revenues in excess of $500,000.

28. Plaintiffs were entitled to be paid at the rate of time and one-half for their hours worked in excess of the maximum hours provided for in the FLSA.

Case 1:08-cv-05003-DAB   Document 1   Filed 05/30/2008   Page 5 of 7

05-31-08;01:37PM;                                    ;6465125603                 # 5/ 7

29. At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for their hours worked in excess of forty hours per workweek.

30. Defendant failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

31. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendant. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

32. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

33. Defendant failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

34. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

35. Due to the intentional, willful and unlawful acts of Defendant, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

36. Plaintiffs are entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

37. Plaintiffs reallege and reaver Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. At all relevant times, Plaintiffs were employed by the Defendant within the meaning of the New York Labor Law, §§2 and 651.

39. Defendant willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

40. Due to the Defendant's New York Labor Law violations, Plaintiffs are entitled to recover from Defendant their unpaid overtime, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and all similarly situated employees, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against TIME MOVING and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of liquidated and/or punitive damages as a result of TIME MOVING'S willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

e. An award of liquidated and/or punitive damages as a result of TIME MOVING'S willful failure to pay overtime compensation pursuant to the New York Labor Law;

f. An award of prejudgment and postjudgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 12, 2008

Respectfully submitted,

LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
*Attorneys for Plaintiff*
40 Wall Street, 28th Floor
New York, NY 10005
Tel.: (212) 400-7160
Fax: (212) 400-7162

By: _____
ROBERT L. KRASELNIK (RK 0684)

7