UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- --x
MARCO ORTIZ, MARCO NANEZ and MANUEL
ESCOBAR, on behalf themselves and other persons
similarly situated,

        Plaintiffs,

                  08-cv-5003 (DAB)

   -against-

TIME MOVING & STORAGE INC.,

        Defendant.
------------------------------------------------------------- --x

## DEFENDANT'S ANSWER

Defendants Time Moving & Storage Inc. ("Time Moving"), by its attorneys, Clifton Budd & DeMaria, LLP, for its Answer to the Complaint, states as follows:

1. Deny.

2. Deny.

### JURISDICTION AND VENUE

3. States a legal conclusion, which defendant neither admits nor denies.

4. States a legal conclusion, which defendant neither admits nor denies.

### PARTIES

5. Deny knowledge or information sufficient to form a belief.

6. Deny knowledge or information sufficient to form a belief.

7. Deny knowledge or information sufficient to form a belief.

8. Admit that Time Moving is a domestic business corporation and otherwise deny.

9. Admit.

10. Admit.

11. Admit that Escobar was hired in or about December 2000, quit in or about May 2005 and was rehired in or about November 2007, and otherwise deny.

12. States a legal conclusion, which defendant neither admits nor denies.

13. Deny.

14. Deny.

15. Deny.

**STATEMENT OF FACTS**

16. Admit that Ortiz's duties included electrical installation and repair work, expressly aver that his duties also included working on moving jobs, which includes safe loading of commercial vehicles in furtherance of defendant's operations, and otherwise deny.

17. Admit that Ortiz may have worked in excess of forty hours in certain workweeks, expressly aver Ortiz's job duties and responsibilities exempted him from all federal, state and local laws that provide for the payment of overtime premiums, and otherwise deny.

18. Admit that Nanez drove defendant's commercial vehicles, expressly aver that his duties also included working on moving jobs, which includes safe loading of commercial vehicles in furtherance of defendant's operations, and otherwise deny.

19. Admit that Nanez may have worked in excess of forty hours in certain workweeks, expressly aver Nanez's job duties and responsibilities exempted him from all federal, state and local laws that provide for the payment of overtime premiums, and otherwise deny.

20. Admit that Escobar's duties included working on moving jobs, which includes safe loading of commercial vehicles in furtherance of defendant's operations, and otherwise deny.

21. Admit that Escobar may have worked in excess of forty hours in certain workweeks, expressly aver Escobar's job duties and responsibilities exempted him from all federal, state and local laws that provide for the payment of overtime premiums, and otherwise deny.

22. Admit that plaintiffs were not paid 1.5 times their regular rate for hours worked in excess of forty, expressly aver plaintiffs' job duties and responsibilities

exempted them from all federal, state and local laws that provide for the payment of overtime premiums, and otherwise deny.

23. Deny knowledge or information sufficient to form a belief.

## COUNT I

### (Violation of Fair Labor Standards Act)

24. Defendant repeats and realleges the foregoing paragraphs as though fully set forth herein.

25. States a legal conclusion, which defendant neither admits nor denies.

26. States a legal conclusion, which defendant neither admits nor denies.

27. Admit.

28. Deny.

29. Admit that plaintiffs were not paid 1.5 times their regular rate for hours worked in excess of forty, expressly aver plaintiffs' job duties and responsibilities exempted them from all federal, state and local laws that provide for the payment of overtime premiums, and otherwise deny.

30. Deny.

4

31. Admit that defendant's payroll records fairly and accurately record plaintiffs' hours worked, and deny knowledge or information sufficient to form a belief about plaintiffs intend to do concerning discovery in this case.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

## COUNT II

### (Violation of New York Labor Law)

37. Defendant repeats and realleges the foregoing paragraphs as though fully set forth herein.

38. States a legal conclusion, which defendant neither admits nor denies.

39. Deny.

40. Deny.

## FIRST DEFENSE

41. Plaintiffs' claims for unpaid overtime premiums are barred by the Motor Carrier Act exemption.

42. Defendants are motor carriers and/or private motor carriers, whose employees are within the authority of the Secretary of Transportation to establish qualifications and maximum hours of service pursuant to section 204 of The Motor Carrier Act of 1935.

43. Plaintiffs loaded commercial vehicles in furtherance of defendant's operations and were responsible for doing so safely and properly.

44. Plaintiffs observed, supervised, directed and trained other employees in the safe and proper loading of commercial vehicles in furtherance of defendants' operations.

45. Plaintiffs' activities affected the safety of defendant's operations.

46. Plaintiffs' employment was within the authority of the Secretary of Transportation to establish qualifications and maximum hours of service pursuant to section 204 of The Motor Carrier Act of 1935, exempting them from the overtime provisions of the Fair Labor Standards Act and the New York Labor Law.

**SECOND DEFENSE**

47. Plaintiffs' claims are barred to the extent they seek recovery for activities not compensable, including traveling to and from the actual place of

performance of the principal activities which they are employed to perform, and activities which are preliminary and postliminary to said principal activities.

### FOURTH DEFENSE

48. The proposed class members are not similarly situated; the proposed class lacks numerosity and typicality required to maintain a class action; questions of law and facts affecting individual class member predominate over common questions of law or fact; and no defendant has acted or refused to act on grounds generally applicable to the class; hence, class treatment is inappropriate.

### FIFTH DEFENSE

49. The proposed class is so vaguely defined that the class cannot be reasonably identified, and thus cannot be maintained.

### SIXTH DEFENSE

50. Defendants are entitled to a set-off for all travel time and other monies paid to plaintiffs for any hours not worked.

### SEVENTH DEFENSE

51. Plaintiffs fail to state claims upon which relief can be granted, as they are not entitled to any monetary payments beyond what they have already been paid.

### EIGHTH DEFENSE

52. Any violation of the FLSA or New York Labor Law on the part of defendant (and defendant expressly denies any such violation) was inadvertent or the product of neglect, and was not willful.

### NINTH DEFENSE

53. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

**WHEREFORE,** defendant respectfully requests that the Complaint be dismissed with prejudice and with costs, and that this Court grant such other and further relief as the Court deems appropriate.

Dated: New York, New York
       June 23, 2008

                        CLIFTON BUDD & DeMARIA, LLP

                        By:__s/_____
                            Arthur J. Robb (AR 9446)
                            *Attorneys for Defendant*
                            420 Lexington Avenue
                            New York, NY 10170
                            (212) 687-7410